## DAVIS v. SOMMER.

February 9, 1833.

*Rule to show cause why the fieri facias should not be set aside.*

The issuing of a *fieri facias* after a *capias ad satisfaciendum* on which the defendant has been arrested and has given bond to take the benefit of the insolvent laws, and before his discharge, is irregular, and will be quashed on motion.

IN this case an *alias pluries capias ad satisfaciendum* had issued on the 9th of November, returnable the first Monday in December 1832, on which the defendant was arrested the same day, and gave bond, in the usual form, to appear at the court of common pleas, and take the benefit of the insolvent laws. The sheriff returned the writ, " *C. C.* and defendant discharged by Judge King." The day for hearing insolvent debtors, fixed by the court of common pleas, was the 13th of January 1833.

On the 29th of December, defendant filed his petition for the benefit of the insolvent laws, in which he returned certain articles of personal property as belonging to him.

On the 2d of January, the plaintiff issued the *alias pluries fieri facias*, which was now asked to be set aside, and which on the 5th of January had been levied on the property mentioned in defendant's petition of insolvency.

The defendant obtained this rule to show cause why the *alias pluries fieri facias* should not be set aside.

*Ingraham*, in support of the rule.

The arrest of a defendant's person on a *capias ad satisfaciendum*, while such execution is in operation, amounts to actual satisfaction of the plaintiff's demand. The bond given by Sommer was merely

[Davis v. Sommer.]

in lieu of actual confinement; and until the bond is forfeited, or the condition complied with, the *capias ad satisfaciendum*, upon which the defendant was taken and gave bond, remains in full operation; and unless before forfeiture, and previous to the day of hearing, the plaintiff could issue another *capias ad satisfaciendum*, the question before the court is disposed of. That he could not have issued another *capias ad satisfaciendum* is clear; and if he could not do that, he could not issue a *fieri facias*, because two executions can not be in actual operation against the same defendant at the same time. This defendant, if he had surrendered himself on the hearing of his petition, would have been in confinement under the *capias ad satisfaciendum* on which he gave bond. Young *v.* Taylor, 2 *Binn.* 218.

*Perkins, contra.*

The law considers the body of a defendant satisfaction of a debt only so long as he is held in actual custody; or where a plaintiff consents to his discharge. Wherever a defendant is delivered out of execution by being bailed by the court, by reason of privilege, by death, or by any cause, without the consent of the plaintiff, the debt is not satisfied, but resort may be had to other executions. If it were otherwise, and the body of a defendant once taken in execution were a satisfaction of the debt, the plaintiff's claim is paid, and he can never have execution against any after-acquired property of his insolvent debtor. The refusal of the defendant to show property on which former executions for this very debt might have been satisfied, all of which have been returned "*nulla bona,*" and suffering arrest on the *capias ad satisfaciendum*, when he had property, was a fraud upon the plaintiff, of which the defendant ought not to be allowed to avail himself. Sharpe *v.* Specknagle, 3 *Serg. & Rawle* 464; Palethorp *v.* Lesher, 2 *Rawle* 272; 2 *Tidd.* 957; 4 *Comyn's Digest* 251, *and cases cited.* Nadin *v.* Battie, 5 *East* 146; Bartlet *v.* Tally, 5 *Mass. Rep.*

PER CURIAM (BARNES, *President*; HALLOWELL, J.; and COXE, J.).—This *fieri facias* is irregular, and must be set aside. It is impossible to avoid the force of the suggestion which has been made, that previous to the hearing of the defendant by the insolvent court, another *capias ad satisfaciendum* could not have been issued by the plaintiff; and the reason is plain—the operation of the first writ of *capias ad satisfaciendum* continued, and was not spent. Certainly this de-

[Davis v. Sommer.]

fendant, upon his petition being rejected by the insolvent court, at the hearing, might have surrendered himself in discharge of his bond, and then he would have been in the actual custody of the sheriff on this very *capias ad satisfaciendum*, from which that bond relieved him for a time, and to which he returned by the surrender; that execution was therefore in full operation when this *fieri facias* was issued. There is nothing in the suggestion that upon former executions this defendant refused to show property. He was bound to submit his person to arrest under this *capias ad satisfaciendum*; for the sheriff when he arrested him had no other writ against him.

Rule absolute.(*a*)

(*a*)  See Smith *v.* M'Affee, *ante, p.* 85.